Index No. **09 CV 00338**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

GLENN STORMAN,

Plaintiff,

-against-

JOEL I. KLEIN, in his capacity as Chancellor of the
New York City Department of Education; NEW
YORK CITY DEPARTMENT OF EDUCATION;
JOSEPHINE MARSELLA; and DENNIS BOYLES

Defendants,

### PLAINTIFF'S APPENDIX OF
### EXHIBITS OMITTED FROM EXHIBIT B OF
### DEFENDANTS' ECF FILING

JOHN C. KLOTZ (JK4172)
Attorney for the Plaintiff
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 630-2600
johnklotz@johnklotz.com

CERTIFICATION

The Defendant's Motion for Dismissal including an Appendix of Exhibits. Exhibit A, B, and C thereof, were described in the Declaration of Defendant's counsel as as follows: Exhibit A: "[a] true copy of the Complaint;" Exhibit B: "[a] true copy of a Notice of Petition and Verified Petition, dated October 8, 2008, filed by plaintiff in the Supreme Court of the State of New York, New York County, Index No. 113652/08" and Exhibit C:"[a] a true copy of the Complaint filed in the United States District Court for the Southern District of New York, titled Storman v. New York City…"

While Exhibits "A" and "C" contained copies of the Exhibits to the federal complaints, Exhibit B as field with the ECF omitted the copies of the exhibits to the Verified Petition so described. Therefore, Plaintiff is respectfully submitting  as this Appendix to his opposition to Defendants' motion, copies of those Exhibits.

Those Exhibits are:

| EX | DATE | DESCRIBE |
|----|------|----------|
| A | June 30, 2005 | Performance Review |
| B | June 12, 2008 | Second determination |
| C | August 14, 2006 | First determination |
| D | November 13, 2007 | Remand determination |
| E | April 10, 2008 | Decision of Appellate Division |
| F | November 16, 2004 | Regulation |
| G | February 9, 2005 | Report of Investigation |
| H | March 10, 2008 | Transcript March 10, 2008 |
| I | May 23, 2006 | Transcript May 23, 2006 |

Dated: New York, New York
        March 13, 2009

*s/John C. Klotz*
_____
JOHN C. KLOTZ (JK4172)
Attorney for the Plaintiff
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 630-2600

**NEW YORK CITY BOARD OF EDUCATION**
DIVISION OF PERSONNEL
OFFICE OF APPEALS AND REVIEWS
65 Court Street, Brooklyn, New York 11201
BE/DOP 9955C (5/87) pers d1   (Replaces OP 15B)

**ANNUAL PROFESSIONAL PERFORMANCE
REVIEW AND REPORT ON PROBATIONARY
SERVICE OF GUIDANCE COUNSELOR**

| EMPLOYEE'S FULL NAME | LICENSE | FILE NUMBER |
|---|---|---|
| GLENN STORMAN | Guidance | 478435 |

EMPLOYEE'S COMPLETE HOME ADDRESS (Number and Street) — 136 Vassar St. Staten Island

APT. NO.

SOCIAL SECURITY NUMBER: 1 0 7 4 2 3 5 6 1 8

| CITY | STATE | ZIP CODE | TENURED | PROBATIONER | SUBSTITUTE |
|---|---|---|---|---|---|
| Staen Island | N.Y. | 10314 | | X | |

Date of Completion of Probation

| CURRENT SALARY RATE | FOR PROBATIONERS: Date of Appointment |
|---|---|
| $ | (Jarema Credit does not apply) |

| SCHOOL | BOROUGH | DISTRICT |
|---|---|---|
| P.S. 153 | Bklyn. | 21/7 |

| | FIRST YEAR | | | | SECOND YEAR | | | | THIRD YEAR | | | | DAYS IN C.A.R. | OR BOR-ROWED DAYS | SUBSTI-TUTE SERVICE NO. OF DAYS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TIMES NO. | TIME LOST DAYS | HRS. | MIN. | TIMES NO. | TIME LOST DAYS | HRS. | MIN. | TIMES NO. | TIME LOST DAYS | HRS. | MIN. | | | |
| LATENESS* | — | — | — | — | | | | | | | | | | | |
| ABSENCE* Exclude Non-Attendance | 2 | 2 | — | — | | | | | | | | | 135 | | |

* NOTE: For reports on probationers complete 1 to 3 years as applicable. For all other personnel use "First Year" to denote current year.

## SECTION 1 - REPORT BY PRINCIPAL OR OTHER APPROPRIATE SUPERVISOR:

| COMMENTS (as checked. "NA" indicates "Not Applicable.") | SATIS-FACTORY | UNSATIS-FACTORY | ADDITIONAL COMMENTS |
|---|---|---|---|
| **A. PERSONAL AND PROFESSIONAL QUALITIES** | | | |
| 1. Attendance and punctuality | | | |
| 2. Personal appearance | | | |
| 3. Voice, speech and use of English | | | |
| 4. Professional attitude and professional growth | | II | |
| 5. Sympathetic understanding of children | | | |
| 6. Resourcefulness and initiative | | | |
| **B. GUIDANCE ACTIVITIES** | | | |
| 1. Individual counseling with pupils | | | |
| 2. Group counseling with pupils | | | |
| 3. Individual staff development with teachers | | | |
| 4. Group staff development with teachers | | | |
| 5. Individual consultation with parents | | | |
| 6. Group consultation with parents | | | |
| 7. Preparation, maintenance and use of guidance materials | | | |
| 8. Participation in school activities | | | |
| 9. Participation in community activities | | | |
| 10. Agency referrals | | | |
| **C. GUIDANCE OFFICE MANAGEMENT** | | | |
| 1. Appearance and organization of office | | | |
| 2. Records and reports | | | |
| 3. Effective scheduling of time | | | |
| **D. INTERPERSONAL RELATIONSHIPS** | | | |
| 1. Rapport with pupils | | | |
| 2. Maintenance of good relations with teachers and with supervisors | | | |
| 3. Effort to establish and maintain good relationships with parents | | | |
| 4. Relationships with other pupil personnel workers | | | |

**E. ADDITIONAL REMARKS** (additional sheets, signed and acknowledged may be attached):

Substantiated Corporal Punishment at P.S. 212

## SECTION 2 - PERFORMANCE EVALUATION

| OVERALL EVALUATION  S, U, or D (D for first year probation only) For the period: From 9/04   to  6/05 | SIGNATURE OF PRINCIPAL (If other - give title) | ACKNOWLEDGMENT BY EMPLOYEE I have received this report on: |
|---|---|---|
| U | [signature] 6/30/05 | 09/07/05   DATE   [signature] SIGNATURE OF EMPLOYEE |

*(Complete Reverse Side for Probationary Personnel Only)*

**EXHIBIT A: Annual Review**



# THE NEW YORK CITY DEPARTMENT OF EDUCATION

JOEL I. KLEIN, *Chancellor*

Office of the Chancellor
52 Chambers Street – New York, NY 10007

June 10, 2008

Chancellor's Committee
Michael Tramonte, Chairperson

Richard D'Auria
Community Superintendent
District #21
521 West End Avenue
Brooklyn, New York 11224

Carl Santa Maria, Principal
Public School 153K
1970 Homestead Avenue
Brooklyn, New York 11229

Glen Storman, File No. 478435
136 Vassor Street
Staten Island, New York 10314

Gentlemen:

Please be advised that the appeal of Mr. Glen Storman from the rating of "Unsatisfactory" for the period ending June 2005 has been denied and the said rating is sustained as a consequence of substantiated allegation of corporal punishment.

Sincerely,

Marcia V. Lyles
Deputy Chancellor
Teaching and Learning
(as designee for Joel I. Klein Chancellor)

MVL:dt

c:    Gary Barton, Deputy Executive Director, Regional Field Services
      Francine Perkins-Colon, Director, Bureau of Pedagogic Compensation
      Linda Zimmerman, Director, Teacher Records
      Michael Grossman, Advisor, United Federation of Teachers
      Geofrey Sorkin, Brooklyn UFT Borough Liaison

**EXHIBIT  B: Chancellor's Determination (June 10, 2008)**

# THE NEW YORK CITY DEPARTMENT OF EDUCATION

JOEL I. KLEIN, *Chancellor*

OFFICE OF THE CHANCELLOR
52 Chambers Street - New York, NY 10007

August 14, 2006

*Chancellor's Committee*
<u>*Ira Goldberg, Chairperson*</u>

*Richard D'Auria, L.I.S., and Superintendent*
*District 21, Region 7*
*715 Ocean Terrace – Bldg. A*
*Staten Island, NY 10301*

*Carl Santa Maria, ~~Principal~~*
*P.S. 153*
*1970 Homecrest Avenue*
*Brooklyn, NY 11229*

*Josephine Marsala, Principal*
*P.S, 212K*
*87 Bay 49th Street*
*Brooklyn, NY 11214*

*Glenn Storman – File No. 478435*
*136 Vassar Street*
*Staten Island, NY 10314*

*Dear Ms. Marsala and Gentlemen:*

*Please be advised that the appeal of Mr. Glenn Stroman from the rating of "Unsatisfactory" for the period ending June 2005 has been denied and the said rating is sustained as a consequence of a substantiated incident of corporal punishment.*

*Sincerely,*

*Andrés Alonso*
*Deputy Chancellor,*
*Teaching and Learning*
*(as designee for Joel I. Klein, Chancellor)*

*AA:rs*

*c:    Gary Barton, Deputy Executive Director, Regional Field Services*
*Yvonne Kong, Director, Pedagogic Compensation*
*Genevieve Aloia, Teacher Records*
*Michael Grossman, Advisor, UFT*

**EXHIBIT C: Chancellor's Determination (August 14, 2006)**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK -- PART 57

PRESENT: Hon. Marcy S. Friedman, JSC

————————————————————————— x

In the Matter of
GLENN STORMAN,                                        Index No.: 118337/06

                              *Petitioner,*                   DECISION/ORDER

        - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                              *Respondent.*

————————————————————————— x

        In this Article 78 proceeding, petitioner Glenn Storman challenges a determination of

respondent New York City Department of Education ("DOE"), rating his performance

"unsatisfactory." This determination, dated August 14, 2006, by Deputy Chancellor Andres

Alonso, as designee for Chancellor Joel I. Klein, stated in full: "Please be advised that the appeal

of Mr. Glenn Stroman [sic] from the rating of 'Unsatisfactory' for the period ending June 2005

has been denied and the said rating is sustained as a consequence of a substantiated incident of

corporal punishment." (Ex. B to Petition.)

        The threshold issue is whether this proceeding must be transferred to the Appellate

Division pursuant to CPLR 7804(g), which requires that where a substantial evidence issue is

raised, "the court shall make an order directing that it be transferred for disposition" to the

Appellate Division. CPLR 7803(4) defines a substantial evidence issue as "whether a

determination made as a result of a hearing held, and at which evidence was taken, pursuant to

direction of law is, on the entire record, supported by substantial evidence." Case law has

clarified that:

> Evidentiary hearings that are constitutionally required and have
> some of the characteristics of adversary trials, including cross-
> examination, result in 'quasi-judicial' determinations that are
> subject to article 78 review in the nature of certiorari, where the
> 'substantial evidence' inquiry is applicable.  Hearings that are not
> required as a matter of due process, in contrast, result in what have
> been termed 'administrative' determinations, which are subject to
> review only by mandamus and are governed by the 'arbitrary and
> capricious' standard.

New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194 [1994] [internal citations

omitted]; Matter of Street Vendor Project v City of New York, 43 AD3d 345 [1st Dept 2007].)

Here, the Chancellor's determination was made after a "review" by a committee

designated by the Chancellor pursuant to § 4.3.1 of the By-Laws of the Panel for Educational

Policy of the DOE ("By-Laws").  Section 4.3.3 of the By-Laws provides that the review shall

afford the employee an opportunity to appear with a collective bargaining representative, and the

right to call and confront witnesses and introduce relevant evidence.  In petitioner's case, such a

hearing was held before the committee on May 23, 2006.   After this hearing, the committee

issued a report to the Chancellor, dated July 27, 2006, recommending denial of petitioner's

appeal.  (Ex. 6 to Answer.)

While the hearing before the committee bore many of the earmarks of a judicial hearing,

the Chancellor was not present at and did not conduct the hearing.  Moreover, pursuant to section

4.3.1 of the By-Laws, the findings and recommendations of the committee were not binding on

the Chancellor but, rather, were to be "submitted to the Chancellor for a final decision"

(emphasis in original).  As the DOE hearing procedure is "advisory rather than determinative,"

the hearing was not one pursuant to direction by law - that is, one within the contemplation of CPLR 7803(4). (See Matter of Kaufman v Anker, 42 NY2d 835 [1977] [DOE committee hearing on termination of probationary teacher pursuant to By-Laws]; Matter of Bigler v Cornell Univ., 266 AD2d 92 [1st Dept 1999], lv dismissed 95 NY2d 777 [2000] [advisory hearing not hearing pursuant to direction by law].) The standard for review of the Chancellor's determination is therefore not whether it was supported by substantial evidence but whether it was arbitrary and capricious. (Matter of Kaufman v Anker, 42 NY2d at 837.) The proceeding should therefore be determined by this court rather than transferred to the Appellate Division.

On this record, however, the court is unable to determine whether the Chancellor's determination was arbitrary and capricious or had a rational basis. The August 14, 2006 determination upheld petitioner's unsatisfactory rating based on the conclusion that there was a substantiated incident of corporal punishment. The determination does not set forth any facts in support of this conclusion. Notably, it appears to be inconsistent with the July 27, 2006 committee report to the Chancellor after the hearing. This report noted that petitioner's principal had rated petitioner unsatisfactory based on a substantiated incident of corporal punishment. However, the finding made by the committee was not of a substantiated incident of corporal punishment but of an "inappropriate incident." (Report, Findings Section.) Moreover, in the transcript of the hearing, DOE's own investigator testified that he did not believe that the incident "rose to the level of corporal punishment," but constituted "inappropriate physical contact." (Hearing Transcript at 38-39 [Ex. E to Petition].)

A remand to an agency is proper "when further agency action is necessary to cure deficiencies in the record, such as when an agency fails to make appropriate findings." (Matter

of Police Benevolent Assn. v Vacco, 253 AD2d 920, 921 [3d Dept 1998], lv denied 92 NY2d

818.)   As the Court of Appeals has explained, "[f]ailure of the agency to set forth an adequate

statement of the factual basis for the determination forecloses the possibility of fair judicial

review and deprives the petitioner of his statutory right to such review." (Matter of Montauk

Improvement, Inc. v Proccacino, 41 NY2d 913, 914 [1977]; Matter of Simpson v Wolansky, 38

NY2d 391, 396 [1975].)

Here, a remand is necessary for findings of fact.  Given the committee's failure to find

that the incident rose to the level of corporal punishment, the remand should also address

whether the rating was proportionate to the offense.  (See generally Matter of Pell v Board of

Educ., 34 NY2d 222 [1974].)

It is accordingly hereby ORDERED that the petition is granted to the extent of remanding

the matter to respondent for issuance of a determination containing findings on which the

determination is based.

This constitutes the decision and judgment of the court.  If review of the determination

upon remand is sought, a new Article 78 proceeding shall be brought.

Dated: New York, New York
         October 26, 2007

                              E N T E R :

                              MARCY FRIEDMAN, J.S.C.

FILED

NOV 13 2007

COUNTY CLERK'S OFFICE
NEW YORK

**Exhibit D: Decision/Order entered Novemebr 13, 2008**                    **D-4**

56

         At a Term of the Appellate Division of the Supreme
    Court held in and for the First Judicial Department in
    the County of New York on April 10, 2008.


PRESENT - Hon: Angela M. Mazzarelli,        Justice Presiding,
               Richard T. Andrias
               Luis A. Gonzalez
               Rolando T. Acosta,           Justices.


----------------------------------------X
In the Matter of

Glenn Storman,
        Petitioner-Appellant,

        -against-                              M-1177
                                        Index No. 118337/06
New York City Department of Education,
        Respondent-Respondent.
----------------------------------------X

         Petitioner-appellant having moved to dismiss the appeal
from the order of the Supreme Court, New York County, entered on
or about November 13, 2007 (mot. seq. no. 001),

         Now, upon reading and filing the papers with respect to
the motion, and due deliberation having been had thereon, it is

         Ordered that the motion is granted without prejudice
to further administrative proceedings and petitioner seeking
appellate review of respondent's final order.

              E N T E R:

                                        Clerk.


**EXHIBIT E: Order of the Appellate Division (April 10, 2008)**

NEW YORK CITY DEPARTMENT OF EDUCATION

# Regulation of the Chancellor

| Category: | STUDENTS | Number: | A-420 |
|---|---|---|---|
| Subject: | PUPIL BEHAVIOR AND DISCIPLINE – CORPORAL PUNISHMENT | Pages: | 1 of 5 |
| | | Issued: | 11/16/04 |

## ABSTRACT

This regulation updates and supersedes Regulation of the Chancellor A-420, dated July 1, 2001, regarding prohibition of corporal punishment. It enforces Department of Education Bylaws and includes reporting requirements established under Regulations of the Commissioner §100.2(l)(3)(ii) concerning the use of physical force upon a student for punishment purposes. The Chancellor may change this Regulation consistent with applicable federal and state laws.

## 1. INTRODUCTION

Corporal punishment is prohibited. Disruptive behavior by a student must never be punished by use of physical force. Such behavior usually reflects underlying problems that require guidance intervention. School personnel should take steps to identify the problem(s) and, working closely with parents, help the student receive maximum benefit from the educational program offered at the school. Matters concerning student behavior should be addressed in accordance with Chancellor's Regulation A-443 and the Discipline Code.

## 2. DEFINITIONS

Regulations of the Commissioner §100.2(l)(3)(i) define corporal punishment as any act of physical force upon a pupil for the purpose of punishing that pupil. Such term shall not mean the use of reasonable physical force for any of the following purposes:

1.   to protect oneself from physical injury;

2.   to protect another pupil or teacher or any other person from physical injury (e.g. breaking up a physical altercation without using excessive force);

3.   to protect the property of the school or of others; or

4.   to restrain or remove a pupil whose behavior is interfering with the orderly exercise and performance of school district functions, powers or duties, if that pupil has refused to comply with a request to refrain from further disruptive acts, provided that alternative procedures and methods not involving the use of physical force cannot be reasonably employed to achieve the purposes set forth in 1 through 3 above.

**EXHIBIT F: Corporal Punishment Regulation** **F-1**

NEW YORK CITY DEPARTMENT OF EDUCATION

# Regulation *of the Chancellor*

| | | | |
|---|---|---|---|
| Category: | **STUDENTS** | Number: | **A-420** |
| Subject: | **PUPIL BEHAVIOR AND DISCIPLINE – CORPORAL PUNISHMENT** | Pages: | 2 of 5 |
| | | Issued: | 11/16/04 |

Further, the Bylaws of the City Department of Education state the following:

> **NO CORPORAL PUNISHMENT SHALL BE INFLICTED IN ANY OF THE PUBLIC SCHOOLS, NOR PUNISHMENT OF ANY KIND TENDING TO CAUSE EXCESSIVE FEAR OR PHYSICAL OR MENTAL DISTRESS. VIOLATION OF THIS BYLAW SHALL CONSTITUTE GROUNDS FOR DISMISSAL.**

This Bylaw remains in full force and effect and cannot be waived by prior approval or consent of parent or guardian. Nothing in this Regulation, however, prevents a supervisor from counseling or disciplining an employee for inappropriate conduct that is not otherwise in violation of this regulation.

3.  **NOTIFICATION TO STAFF**

The principal must bring to the attention of all members of the staff the Board's policy and rules with respect to corporal punishment.

4.  **REPORTING AN ALLEGATION OF CORPORAL PUNISHMENT**

A.    Report to the Office of Special Investigations:

> Office of Special Investigations
> 49 Chambers Street – 6th floor
> NY, NY 10007
> Voice: (212) 374-5900
> Fax:    (212) 374-1229/0932

The Chancellor's Office of Special Investigations is responsible for intake, evaluation, review, follow-up, and dissemination of information to various offices within this agency and other appropriate entities with respect to allegations of corporal punishment. All allegations of corporal punishment of students by Department of Education employees, custodial employees, or others must be reported *immediately* to the Office of Special Investigations by the supervisor or designee.[1] Telephone communication must occur before an investigation is commenced by the supervisor or designee.

---

[1]For purposes of this Regulation, "supervisor" means the person acting in a supervisory capacity to the Department of Education employee alleged to have engaged in corporal punishment. If the person who is alleged

NEW YORK CITY DEPARTMENT OF EDUCATION

# Regulation *of the Chancellor*

| Category: | **STUDENTS** | Number: | **A-420** |
|---|---|---|---|
| Subject: | **PUPIL BEHAVIOR AND DISCIPLINE – CORPORAL PUNISHMENT** | Pages: | 3 of 5 |
| | | Issued: | 11/16/04 |

At the time of the communication the supervisor will be advised whether to conduct an investigation or await an investigation by the Office of Special Investigations. Further instruction will be given with respect to completing the A-420/A-421 Form – Alleged Corporal Punishment and/or Verbal Abuse – Report of Investigation (see Appendix), and to whether the staff member who is alleged to have engaged in corporal punishment should be removed from the classroom pending further inquiry.  If the supervisor is not the Principal or site supervisor and the alleged corporal punishment occurs on or around school property, the principal or site supervisor must be notified.  The principal, in turn must notify the superintendent.

In the event the supervisor is instructed to conduct the investigation, the Office of Special Investigations will provide guidance and instruction at any stage of the inquiry, as needed.

In general, a supervisor should take the following steps, among others:

- Take written statements from the victim and all witnesses as quickly as practicable;

- Separate witnesses prior to taking such statements;

- Meet with the subject of the investigation and give him or her an opportunity to review statements from the victim(s);

- Evaluate all of the evidence and the credibility of all witnesses including the subject of the investigation before substantiating or unsubstantiating a complaint.

- The supervisor must reach and state a conclusion on the A-420/A-421 Form.

- During the course of the investigation, the employee should be removed from the classroom whenever appropriate to safeguard the health, welfare, and safety of students.  In determining whether to remove a teacher, the supervisor should consider the prior record of the employee, the likely penalty should the allegations be substantiated, and any other factors relevant to this determination.  An employee who has been removed from the classroom pending investigation shall be informed in writing of the nature of the investigation no later than five days after their removal.

---

to have engaged in corporal punishment is not an employee of the Department of Education, the "supervisor" is the person who is in charge of the site where the incident is alleged to have occurred.

**EXHIBIT F: Corporal Punishment Regulation**                                    **F-3**



NEW YORK CITY DEPARTMENT OF EDUCATION

# Regulation *of the Chancellor*

| | | | |
|---|---|---|---|
| Category: | **STUDENTS** | Number: | **A-420** |
| Subject: | **PUPIL BEHAVIOR AND DISCIPLINE – CORPORAL PUNISHMENT** | Pages: | 4 of 5 |
| | | Issued: | 11/16/04 |

- Supervisors should consult with OSI whenever technical assistance or other assistance is needed.

The A-420/A-421 Form, completed as instructed, and bearing an original signature of the site administrator, must be filed with the Office of Special Investigations no later than five working days from the report of the incident. However, a supervisor must complete his or her investigation and determine whether discipline is warranted even if he or she fails to file the report within five days.  A duplicate of the A-420/A-421 Form must be forwarded to the Superintendent.

The A-420/A-421 Form (Alleged Corporal Punishment and/or Verbal Abuse – Report of Investigation) should be completed and transmitted by e-mail or fax to the Office of Special Investigations and the Superintendent. The accurate transmission of the completed form is the responsibility of the supervisor.  If the A-420/A-421 Form is transmitted by e-mail, the principal must print, sign, and maintain a hard copy.

Whether the investigation is conducted by the Office of Special Investigations or the supervisor, the person alleged to have engaged in corporal punishment must be afforded an opportunity to appear with representation and address the allegations upon 48 hours written notice prior to any action being recommended or taken.

The Principal, in consultation with the Superintendent, and with the Office of Legal Services, or the Office of Appeals and Review must take appropriate action against any staff member found to be in violation of the above Bylaw and this Regulation.

When it has been concluded after an inquiry either by the supervisor or the Office of Special Investigations that the staff member has not committed corporal punishment, or the evidence does not support the allegation, the staff member must be so notified, in writing.  If the employee was reassigned during the investigation and there is no other reason for reassignments, the employee must be returned to his or her regular assignment.

B.    Report to the State

The Regulation of the Commissioner of Education regarding corporal punishment requires a semi-annual report to the Commissioner by January 15th and July 15 of each year.  The report sets forth the substance of each complaint about the use of corporal punishment received by the local school authorities during the

NEW YORK CITY DEPARTMENT OF EDUCATION

# Regulation  of the Chancellor

| Category: | **STUDENTS** | Number: | **A-420** |
|---|---|---|---|
| Subject: | **PUPIL BEHAVIOR AND DISCIPLINE – CORPORAL PUNISHMENT** | Pages: | 5 of 5 |
| | | Issued: | 11/16/04 |

report period, the results of each investigation and the action, if any, taken by the local school authorities in each case.

The Summary Corporal Punishment/Verbal Abuse Form is to be completed by December 15th and June 15th of each year. It is to be signed by the Principal and forwarded to the appropriate Superintendent for signature. The Superintendent is to forward the form to the Office of Special Investigations, Corporal Punishment Unit by December 30th and June 30th of each year.

5.    **INQUIRIES**

Inquiries pertaining to this regulation should be addressed to:

| Telephone 212-374-5900 | *Office of Special Investigations* NYC Department of Education 49 Chambers Street – 6th floor NY, NY 10007 | Fax 212-374-1229 212-374-0932 |
|---|---|---|

**OFFICE OF SPECIAL INVESTIGATIONS
49 CHAMBERS STREET, 6th FLOOR
NEW YORK, NEW YORK 10007
PHONE# (212) 374-5900
FAX# (212) 374-1229/0932/0993**

## ALLEGED CORPORAL PUNISHMENT AND/OR VERBAL ABUSE REPORT OF INVESTIGATION

Date of Report _____

Report Number _____
(Obtained from Office of Special Investigations (OSI)
(212) 374-5900)

### EMPLOYEE INFORMATION

Name _____    File Number _____

Position _____    Social Security # _____

Home Address _____

Date of Birth _____    License(s) _____

School _____    District _____    Boro _____    Region _____

Years of Service _____

|  | Prob | CPT | PPT | Per Diem |
|---|---|---|---|---|
| Tenured _____ | _____ | _____ | _____ | _____ |

### EMPLOYEE HISTORY

Prior Adverse Ratings/Actions    Yes    No    If yes, explain, including date(s)

<br><br><br>

| Previous Allegations of Corporal Punishment or Verbal Abuse | Yes | No | If yes, explain, including date(s) and Report number(s) |
|---|---|---|---|

## STUDENT (COMPLAINANT) INFORMATION

Name _____  Grade _____  Age _____

Date of Birth _____

Has student made prior allegations?                    Yes _____  No _____
If yes, explain, including date(s) and report number(s)

Narrative of student performance (conduct, etc.)

## PARENT/GUARDIAN CONTACT INFORMATION

Name _____

Address _____

Home Telephone _____

Business Telephone _____

Date Parent/Guardian notified of incident _____

School staff member who made contact _____

**EXHIBIT F: Corporal Punishment Regulation**                    **F-7**

## WITNESS INFORMATION

Name  _____     Position  _____

_____          _____

_____          _____

_____          _____

**NOTE:** <u>If witnesses are students</u>, on a separate sheet of paper, please list the students' names with the contact information for their parent(s)/guardian(s).

## INCIDENT

**If student and/or staff members made written statements, copies of the statements *must* be attached.**

Date of Incident: _____     Time: _____

Location: _____

Description of Incident

_____
_____
_____
_____
_____

After initial review of the incident, I concluded the following:

_____
_____
_____
_____

## ACTION TAKEN

For investigations not conducted by the Office of Special Investigations, the following must be completed.  If necessary, additional information can be included on a separate sheet of paper and attached.

_____ The allegations were not substantiated.  The subject was so advised by letter dated  _____

**EXHIBIT F: Corporal Punishment Regulation**                                    **F-8**

Form A-420/A-421
Page 4 of 5

**OR**

_____ The allegations were substantiated.

**In all cases where an allegation of corporal punishment and/or verbal abuse has been substantiated or where it has been concluded that poor judgment was used, disciplinary action must be taken.**

*TENURED STAFF*

_____ The subject is a     _____ Tenured teacher     _____ Tenured administrator

In the case of tenured teachers or tenured administrators, the punishment may include a verbal reprimand, letter of reprimand to file or charges under State Education Law §3020-a.  If it has been determined that §3020-a charges might be warranted because of the serious or repetitive nature of the misconduct or other factors concerning the teacher's or administrator's performance, the Deputy Counsel, Administrative Trials Unit of the Office of Legal Services *must* be consulted. [(718) 935-3612].   Counsel should also be consulted if it is not clear what action may be appropriate.

_____ The subject was verbally reprimanded on                                               _____
                                                                                                                     (date)

_____ The subject received a letter to file, a copy of which is attached, on          _____
                                                                                                                     (date)

**OR**

_____ The Office of Legal Services was consulted on                                        _____
                                                                                                                     (date)

_____ Upon consultation, a letter to file, a copy of which is attached, was recommended.
_____ Upon consultation, a Technical Assistance Conference was scheduled for      _____
                                                                                                                     (date)

_____ Upon consultation, other action was recommended (Explain on a separate sheet)

*NON-TENURED PEDAGOGUES AND OTHER STAFF*

In the case of a substantiated allegation against a non-tenured pedagogue or other staff member, the Office of Appeals and Review [(718) 935-2991] *must* be consulted before any further action is taken.

The Office of Appeals and Review was contacted on                                         _____
                                                                                                                     (date)

_____ Upon consultation, a letter to file, a copy of which is attached, was recommended.
_____ Upon consultation, the staff member was terminated on                             _____
                                                                                                                     (date)

_____ Upon consultation, other action was recommended.  (Explain on separate sheet and attach)

**EXHIBIT F: Corporal Punishment Regulation**                                              **F-9**

Report preparer's signature  _____  Title  _____

Date prepared  _____

Revised November 2004



# THE NEW YORK CITY DEPARTMENT OF EDUCATION
### JOEL I. KLEIN, *Chancellor*
#### OFFICE OF THE CHANCELLOR

**TO:**       Ms. Josephine Marsella

**FROM:**     Thomas Hyland
              Deputy Director

**SUBJECT:**  Mr.Glenn Storman
              Tenured Teacher, File # 478435
              PS 212K/Region 76
              Case # 04-7998CP

The Chancellor's Office of Special Investigations has completed its investigation into the allegations of corporal punishment against Mr. Glen STorman, SS# 0107-42-3568. Based on information and facts gained during the investigation, it has been determined that this matter is:

SUBSTANTIATED:        ☒

UNSUBSTANTIATED:      ☐

If this matter was substantiated a copy of this office's closing memorandum will be mailed to you for review and appropriate action. If this matter is unsubstantiated and the above named individual has been reassigned as a result of this investigation, please return him/her to service immediately.

Should you have any questions or need assistance, please call Confidential Investigator Dennis Boyles, at (212) 374-7835.

**EXHIBIT G: Report of Investigation**                                    **G-1**

# THE NEW YORK CITY DEPARTMENT OF EDUCATION

JOEL I. KLEIN, *Chancellor*

OFFICE OF THE CHANCELLOR

---

## MEMORANDUM

DATE:      February 9, 2005

TO:        Thomas W. Hyland
           Deputy Director

FROM:      Dennis Boyles
           Confidential Investigator

SUBJECT:   Mr. Glen Storman
           Guidance Counselor, Tenured Teacher, File # 478435
           PS 212K/Region 7
           Case # 047998

---

## ORGIN OF COMPLAINT

On 11/16/04, Ms. Josephine Marsella, Principal, PS 212K, contacted the Office of the Special Commissioner of Investigation and reported that Parent A contacted her and stated that she is not sending Student A, Male, DOB 04/10/04, to school because on 10/26/04, Mr. Storman approached Student A, and brushed a rolled up piece of paper against his lips. Parent A stated that Student A believes that Mr. Storman was acting out a sexual fantasy. OSCI referred case # 2004-2557 to OSI for investigation.

## BACKGROUND

1. A search of the OSI database disclosed that Mr. Storman has one prior case for harassment, Case # 01-0774, which was unsubstantiated. He has no prior CPU, OIG or OPI cases.
2. Technician Lawrence, BCI, NYPD, advised that Mr. Storman does not have a criminal history.

## RESULTS OF INVESTIGATION

On 12/14/04, Investigator Dennis Boyles responded to PS 212K. **Ms. Josephine Marsella, Principal, File # 455034,** was interviewed. She stated that on 11/16/04, that Parent A (father) called her and stated that he is not sending Student A, Male, DOB 04/10/04, to school because on 10/26/04, Mr. Storman approached Student A and brushed a rolled up piece of paper against his lips. Student A believes that Mr. Storman was acting out a sexual fantasy. Parent A indicated that he believed that Mr. Storman was "getting off" when he did this. Ms. Marcella further stated that when she spoke to Student A, he indicated that he was being disrespectful to a substitute teacher when Mr. Storman

---

**EXHIBIT G: Report of Investigation**                                    **G-2**

entered the classroom. She spoke to Mr. Storman who prepared a written statement regarding the incident in which he made an admission to touching Student A's mouth with a piece of paper, in an effort to quiet him. Ms. Marsella contacted the Office of the Special Commissioner of Investigation and reported the incident. Ms. Marcella further stated that on 11/16/04, Student A's class had a substitute teacher and Mr. Storman was responding to the class to pick up another student that he services. Ms. Marsella further stated that all the students in the class are Special Education, learning disabled. Student A was not present the day OSI visited.

The following Students were selected randomly and were interviewed in the presence of Ms. Marcella.

**Student B, Male, DOB 07/18/93,** was interviewed and stated that on 11/16/04, Ms. Massad was a substitute teacher and was teaching his class. Student A was talking and when Ms. Massad told him to be quiet, Student A was disrespectful and was cursing at her. Mr. Storman came into the room and told Student A to be quiet and not to curse. He did not see Mr. Storman touch Student A with a piece of paper.

**Student C, Male, DOB 09/24/93,** was interviewed and stated that he had no knowledge of the incident.

**Student D, Female, DOB 09/30/93,** was interviewed and stated she does not remember the incident.

**Student E, Female, DOB 07/28/93,** was interview and stated she does not remember the incident.

**Student F, Male, DOB 10/03/93,** was interviewed and stated he does not remember the incident.

**Student G, Male, DOB 07/07/93,** was interviewed and stated he does not remember the incident.

**Student H, Male, DOB 01/21/92,** was interviewed and stated that on 11/16/04, Ms. Massad was a substitute teacher and was teaching his class. Student A was talking and when Ms. Massad told him to be quiet. Student A then spoke to Ms. Massad in a disrespectful manner and he cursed at her. Mr. Storman came into the room and told Student A to be quiet and not to curse. He did not see Mr. Storman touch Student A with a piece of paper. He further stated that he had a conversation with Student A in which Student A said he was going to get Mr. Storman in trouble.

**Student I, Male, DOB 03/15/93,** was interviewed and stated that on 11/16/04, Ms. Massad was a substitute teacher and was teaching his class. Student A was talking and when Ms. Massad told him to be quiet, Student A was disrespectful and was cursing at Ms. Massad. He did not see Mr. Storman do anything inappropriate to Student A.

2

**EXHIBIT G: Report of Investigation**                                        **G-3**

On 12/15/04, **Student A, Male, DOB 04/10/94,** was interviewed in the presence of his father and Assistant Principal, Deborah Dellcomo. Student A admitted that on 11/16/04, he was talking in class and was disrespectful. Mr. Storman came into the class and approached him and brushed a piece of paper on his lips and told him to be quiet. Student A further stated that he does not believe that Mr. Storman's actions were sexual in nature. Student A, when questioned, stated that Mr. Storman did not hurt him, but that he was embarrassed at the time of the incident.

On 12/16/04, **Mr. Glen Storman, File # 478435,** was present at OSI with Mr. Arthur Solomon, UFT Representative. This investigator advised him of the allegation made by Student A. Mr. Storman stated that he went to Student A's class to pick up a student that he services. The class had a substitute teacher. Student A was talking in a disrespectful manner to the teacher and was cursing. He approached Student A and he was holding a rolled up piece of paper in his hand. He might have brushed the piece of paper against Student A's lips and told him to be quiet. Mr. Storman denied that his actions were sexual in any way. Mr. Storman further stated that in retrospect he should not have touched Student A with the piece of paper.

## CONCLUSION

The allegation that Mr. Glen Storman placed a rolled up piece of paper into the mouth of Student A in a sexual manner is unsubstantiated. However, that Mr. Storman should not have made physical contact with Student A when he was reprimanding him.

## RECOMMENDATIONS

It is recommended that a copy of this report be forwarded to the Ms. Josephine Marcella, Principal, PS 212K, for whatever disciplinary action she deems appropriate.


SUBMITTED BY:

Dennis Boyles
Investigator


APPROVED BY:

Thomas W. Hyland
Deputy Director


3

**EXHIBIT G: Report of Investigation**                                    **G-4**